UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUMMIT CONTRACTORS, INC.,

        Plaintiff,

v.                                CASE NO. 8:13-CV-295-T-17TGW

AMERISURE MUTUAL
INSURANCE COMPANY,
et al.,

        Defendants.

_____ /

ORDER

This cause is before the Court on:

Dkt. 56  Motion to Dismiss and For Partial Summary Judgment on Count I of Summit's First Amended Supplemental Third Party Complaint
Dkt. 77  Response

    In Count I of the First Amended Supplemental Third Party Complaint (Dkt. 24), Plaintiff Summit Contractors, Inc. seeks declaratory relief as to the rights, obligations and duties owed to Plaintiff as to three lawsuits, the Bordeaux lawsuit, the Oxford Place lawsuit, and the Central Park lawsuit, under certain insurance policies issued by Amerisure Mutual Insurance Company. In particular, as to the Bordeaux lawsuit, Plaintiff Summit seeks a declaratory judgment as to the duty to defend, the duty to indemnify, the trigger of coverage, and entitlement to credits or other recoupments from settlement proceeds paid to Crum & Forster Specialty Insurance Company or Amerisure Mutual Insurance Company, or settlement proceeds paid to the Bordeaux Condominium Association. As to the Oxford Place and Central Park lawsuit, Plaintiff Summit seeks a declaratory judgment as to entitled to credits or other recoupments

Case No. 8:13-CV-295-T-17TGW

from settlement proceeds paid to Crum or Amerisure or settlement proceeds paid to the Oxford Place Condominium Association or Central Park LV Condominium Association.

    As to the Bordeaux lawsuit, the insurance policies involved are:

| Amerisure Policy No. | | Policy Period |
|---|---|---|
| CU 1316446 | Umbrella Liability | 12/31/1999-12/31/2000 |
| CU 1316446 | Umbrella Liability | 12/31/2000-12/31/2001 |
| CU 1316446 | Umbrella Liability | 12/31/2001-12/31/2002 |
| GL200520701000 | CGL | 12/31/2002-12/31/2003 |
| CU 1316446 | Umbrella Liability | 12/31/2002-12/31/2003 |
| GL200520702003 | CGL | 12/31/2003-12/31/2004 |
| CU 1316446 | Umbrella Liability | 12/31/2003-12/31/2004 |
| GL2005207030004 | CGL | 12/31/2004-9/20/2005 |

    The Bordeaux lawsuit is Case No. 2009-CA-027435-O, The Bordeaux Condominium Association, et al. v. Summit Contractors, Inc., et al., filed in Orange County Circuit Court. The Oxford Place lawsuit is Case No. 10-CA-009364, Oxford Place at Tampa Palms Condominium Association, Inc v. Tampa Palms Tarragon, LLC, et al., filed in Hillsborough County Circuit Court. The Central Park lawsuit is Case No. 2010-CA-015748-O, filed in Orange County Circuit Court.

    This case was transferred to this Court because it is related to Case No. 8:11-CV-77-T-17TGW, Amerisure Mutual Insurance Company v. Summit Contractors, Inc. and Crum & Forster Specialty Insurance Company. That case included a complaint seeking declaratory judgment as to Amerisure's duty to defend and duty to indemnify under certain insurance policies insuring Summit relative to the Bordeaux lawsuit and the Oxford Place lawsuit. Amerisure sought entry of a declaratory judgment declaring that the Crum & Forster primary CGL policies, and any accompanying self-insured retention ("SIR") must be exhausted prior to Amerisure's Umbrella Policy being called upon to defend or indemnify Summit in connection with the Bordeaux lawsuit and the Oxford Place lawsuit. Amerisure also sought a declaratory judgment that Amerisure

Case No. 8:13-CV-295-T-17TGW

had no present duty to defend or indemnify Summit in connection with the damages asserted against Summit in the underlying lawsuits, insofar as available, primary insurance (Crum & Forster's CGL policies), and any accompanying SIRS remained unexhausted. Crum & Forster's CGL policy was GLO 090899, covering Summit Contractors, inc. from 9/20/2005 to 9/20/2006. The C & F primary policy had a SIR of $50,000.00.

Summit Contractors, Inc. filed a counterclaim for declaratory judgment as to Amerisure's duty to defend and indemnify Summit, declaring that upon exhaustion of Amerisure policy number 200520703004, Amerisure owed a duty to defend and indemnify Summit under Amerisure policy number CU 1316446, and for attorney's fees and costs. The Amerisure insurance policies involved in Case No. 8:11-CV-77-T-17TGW were:

```
GL 2005207030004     CGL        12/31/2004-9/20/2005
CR 1316446           Umbrella   12/31/2004-9/20/2005
```

Amerisure defended Summit in the Bordeaux lawsuit until the exhaustion of Amerisure's primary policy. On August 24, 2010, Amerisure informed Summit that the aggregate limit of coverage under the primary policy had been exhausted by payment and resolution of other claims, and that Plaintiff's Umbrella Policy was not implicated in relation to the Bordeaux lawsuit, as it is excess to other available primary insurance, the C & F policy, which included a SIR of $50,000.00. Summit defended itself in the Bordeaux lawsuit from November 8, 2010 through June 20, 2011.

In Case No. 8:11-CV-77-T-17TGW, Amerisure moved for partial summary judgment, (Dkt. 25), which the Court granted as to the duty to defend, and denied as to the duty to indemnify. (Dkt. 73, Dkt. 119). Amerisure also moved for summary judgment on Summit's Counterclaim (Dkt. 85). Summit moved for partial summary

Case No. 8:13-CV-295-T-17TGW

judgment against Amerisure as to the duty to defend during periods when Summit was not being defended by other insurers. (Dkt. 86). The Court granted Amerisure's motion for summary judgment on Summit's Counterclaim, and denied Summit's motion for partial summary judgment. (Dkt. 123). The underlying Bordeaux lawsuit was still pending; the Court administratively closed Case No. 8:11-CV-77 until the conclusion of the Bordeaux lawsuit.

Amerisure defended Summit in the Oxford Place lawsuit until exhaustion of the Amerisure primary policy. On August 24, 2010, Amerisure notified Summit of the exhaustion of the primary policy, and notified Summit that Amerisure's umbrella policy was not implicated. Summit defended itself in the Oxford Place lawsuit from November 8, 2010 through June 17, 2011.

As to the Oxford Place lawsuit, Crum & Forster settled the lawsuit on behalf of Summit. Crum & Forster insured Summit under a primary CGL policy. Summit did not contribute to the settlement. Amerisure moved for summary judgment, seeking a declaration that Amerisure owed Summit no indemnity obligation relative to the Oxford Place lawsuit (Dkt. 85). The Court granted Amerisure's motion. (Dkt. 123).

As to the Central Park lawsuit, the Court understands that Summit Contractors, Inc. was the general contractor on new construction of Vista Lakes Apartments, that construction started on July 15, 2002 and was completed on August 5, 2003. Vista Lakes Apartments was converted to Central Park on Lee Vista Condominium in July, 2006. Summit was notified of alleged construction defects on January 27, 2010. (Dkt. 77-6, p. 1)

The complaint in the Central Park lawsuit alleges the negligence of all defendants in planning, designing, developing, constructing, producing and marketing the project. (Dkt. 77-6, p. 1).

4

Case No. 8:13-CV-295-T-17TGW

I. Standard of Review

A. Rule 12(b)(1)

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings. The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 102 S.Ct. 396 (1981).

B. Rule 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

Case No. 8:13-CV-295-T-17TGW

defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

C. Rule 56

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are

material and which facts are...irrelevant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See <u>Anderson</u>, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." <u>Id</u>. at 249-50.

II. Defendant Amerisure's Motion
   Plaintiff's Response

As to the Central Park lawsuit, Defendant Amerisure moves to dismiss because there is no current controversy, Plaintiff's claim is unripe and seeks advisory relief. Defendant Amerisure argues Amerisure is currently defending Summit, and the duty to indemnify is dependent on the entry of a final judgment, settlement, or other final resolution.

As to the Oxford Place lawsuit, Defendant Amerisure argues that Plaintiff's claim fails as a matter of law. The Oxford Place lawsuit was settled, with Crum & Forster paying the settlement. In the related case, the Court determined that Amerisure owed no obligation to indemnify Summit. Defendant Amerisure further argues that the relief Plaintiff seeks is related to a deductible that Summit was never asked to pay as to the Oxford Place lawsuit, nor will it ever be asked to pay. Amerisure did not pay any amount in settlement of the Oxford Place lawsuit, and Crum & Forster received all subcontractor payments. Those payments were then paid to Oxford Place Condominium Association, Inc. by Crum, or were paid directly to Oxford Place Condominium Association by subcontractors. Under either scenario, Crum received benefits from settlement monies having been paid to Oxford Place Condominium Association, Inc. Summit did not pay any amounts toward the settlement.

Case No. 8:13-CV-295-T-17TGW

Defendant Amerisure requests that the Court enter an order dismissing Count I of the First Supplemental Third Party Complaint as it relates to the Central Park lawsuit, and granting partial summary judgment as to Count I, as it relates to the Oxford Place lawsuit.

Plaintiff Summit agrees that Plaintiff's request for relief is moot as to the Oxford Place lawsuit. (Dkt. 77, p. 3). The Court will therefore grant Defendant's Motion to Dismiss Count I as it relates to the Oxford Place lawsuit. The dismissal is based on lack of subject matter jurisdiction; entry of partial summary judgment is not appropriate.

As to the Central Park lawsuit, Plaintiff Summit responds that the circumstances of Defendant Amerisure's willingness to defend Summit have substantially changed since the inception of this lawsuit. Initially, the defense offered by Amerisure was pursuant to the Reservation of Rights letter of August 24, 2010, pursuant to a Contractor's Professional Service Liability Coverage Endorsement. Summit argues that the Reservation of Rights letter of August 24, 2010 does not refer to coverage under the 2002 CGL, the 2002 umbrella, the 2003 CGL, the 2003 umbrella, the 2004 CGL and 2004 umbrella policies. Summit argues that Amerisure declined coverage under the 2003 CGL and umbrella policies, and the 2004 CGL and umbrella policies. The Reservation of Rights letter of September 4, 2013 designates Policy Periods from 12/31/02-12/31/2004 as to GL 2005207 and 12/31/2002-9/20/2005 as to CU 1316446.

Plaintiff Summit states Plaintiff is not sure whether Amerisure is defending, has been defending, or should presently be defending under its 2003 CGL Policy or 2004 CGL Policy. Plaintiff Summit further argues that Plaintiff has sought and continues to seek a declaration of its rights relative to certain SIR and deductible issues. Plaintiff Summit argues it is entitled to declarations as to Defendant Amerisure's duty to defend, the scope of coverage available and the duty to indemnify. While Plaintiff Summit admits Amerisure is defending Summit, Plaintiff argues it is entitled to declarations as to

Case No. 8:13-CV-295-T-17TGW

the 1999-2004 policies, and Amerisure's duties and obligations to Summit under those policies.

Plaintiff Summit further responds that Defendant Amerisure filed an Answer, Defendant Amerisure's Motion to Dismiss is not appropriate, but should be construed as a motion for judgment on the pleadings, and denied.

## III. Discussion

### A. Procedural Issue

Plaintiff Summit is correct that a Rule 12(b)(6) motion to dismiss filed after an answer has been filed is generally not appropriate. However, challenges to the Court's subject matter jurisdiction can be raised at any time, and such inquiries should be raised as early as possible. Amerisure has argued that, as to the Central Park lawsuit, Plaintiff's request for a declaratory judgment is not ripe. The Court views this argument as a challenge to jurisdiction. As to the Oxford Place lawsuit, Plaintiff Summit has conceded that Plaintiff's request for relief is moot. As to the Oxford Place lawsuit, the Court views the resolution of Defendant's Motion to be based on lack of subject matter jurisdiction. Therefore, the Court finds it is appropriate to consider Defendant's Motion to Dismiss and for Partial Summary Judgment.

### B. Substantive Issues

### 1. Central Park Lawsuit

As to the Central Park lawsuit, the only relief that Plaintiff Summit seeks in Count I is as follows:

Case No. 8:13-CV-295-T-17TGW

>h. as to the Central Park lawsuit, that SUMMIT, having paid and/or subject to SIR payment(s) and/or deductible(s), is entitled to credits, benefits, recoupments, reimbursements, refunds, repayments, or the like, as to either settlement proceeds paid by subcontractors to CRUM and/or AMERISURE (then paid by CRUM and/or AMERISURE to the Central Park LV Condominium Association, Inc.) or settlement proceeds paid by subcontractors directly to the Central Park LV Condominium Association, Inc.

In the First Amended Supplemental Third Party Complaint, Plaintiff seeks relief as to Amerisure's duty to defend only as to the Bordeaux lawsuit, not the Central Park lawsuit. This case was commenced on 12/6/2012. If Plaintiff Summit became aware of new issues involving the duty to defend in the Central Park lawsuit in September, 2013, Plaintiff could have moved to file an amended complaint at that time. It is not appropriate to inject new issues into a lawsuit by means of a response to a motion. Plaintiff Summit did not seek leave to amend the First Amended Supplemental Third Party Complaint.

As to Summit's entitlement to refunds, recoupments, etc., to the extent that final settlements have been entered into at the current time, and payments have been actually made to Crum, Amerisure or Central Park LV Condominium Association, and to the extent that settlement proceeds have been paid by subcontractors directly to Central Park LV Condominium Association, the controversy is sufficiently concrete to allow the Court to determine the issue of Plaintiff Summit's entitlement to refunds, recoupments, etc. Otherwise, this claim is not ripe.

2. Oxford Place Lawsuit

Since Plaintiff Summit agrees that Plaintiff's request for declaratory relief as to the Oxford Place lawsuit is moot, the Court will grant Defendant's Motion to Dismiss. Accordingly, it is

10

Case No. 8:13-CV-295-T-17TGW

**ORDERED** that Defendant's Motion to Dismiss as to Count I of the First Amended Supplemental Third Party Complaint is **granted** as to all claims related to the Oxford Place lawsuit. It is further

**ORDERED** that Defendant's Motion to Dismiss as to Count I of the First Amended Supplemental Third Party Complaint as to the Central Park lawsuit is **denied** as Plaintiff's claim of entitlement to refunds, recoupments, etc. as to any final settlements or other final dispositions that have been made as of today's date, and is otherwise **granted**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of March, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record