UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUMMIT CONTRACTORS, INC.,

       Third Party Plaintiff,

v.                  CASE NO.  8:13-CV-295-T-17TGW

AMERISURE MUTUAL
INSURANCE COMPANY,
et al.,

       Third Party Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 80   Motion to Intervene
Dkt. 83   Response

The First Amended Supplemental Third Party Complaint of Third Party Plaintiff Summit Contractors, Inc. ("Summit") includes Count I for Declaratory Relief as to Third Party Defendants Amerisure Mutual Insurance Company ("Amerisure") and Crum and Forster Specialty Insurance Company ("Crum"), and Count II for breach of contract as to Third Party Defendant Amerisure Mutual Insurance Company (Dkt. 24).  In Count I, Summit seeks declaratory relief as to three lawsuits, the Bordeaux lawsuit, the Oxford Place lawsuit, and the Central Park lawsuit.

As to the Bordeaux lawsuit, Summit seeks a declaratory judgment as to the duty to defend, the duty to indemnify, the trigger of coverage, and entitlement to credits or other recoupments from settlement proceeds paid to Crum or Amerisure, or settlement

Case No. 8:13-CV-295-T-17TGW

proceeds paid to the Bordeaux Condominium Association.

The Court has dismissed Count I as to all claims related to the Oxford Place lawsuit, and has dismissed all claims as to the Central Park lawsuit except for a declaratory judgment as to Summit's entitlement to credits or other recoupments from settlement proceeds paid by subcontractors to Amerisure, and/or Crum (then paid to Central Park LV Condo or Central Park LV Condominium Association, Inc.) or settlement proceeds paid by subcontractors directly to Central Park LV Condominium Association, Inc., to the extent that final settlements have been entered into and settlement proceeds have been paid. (Dkt. 84).

In Count II, Summit seeks a judgment against Amerisure that Amerisure is in breach of one or more of the insurance policies listed in paragraph 5 (spanning December 31, 1999 through December 31, 2004), the award of damages for all fees and costs incurred by Summit in defending, handling and/or settling covered claims and/or the construction defect lawsuit filed by The Bordeaux Condominium Associate against Summit which Amerisure refused to defend and/or cover, plus pre-judgment interest, the award of consequential damages, and the award of attorney's fees and costs pursuant to Secs. 627.428, 57.104 and 57.041, Florida Statutes.

Dkt. 80   Motion to Intervene
Dkt. 83   Response

The Bordeaux Condominium Association, Inc., ("BCA") as holder of a consent judgment payable from insurance proceeds at issue, moves for leave to intervene as of right under Fed. R. Civ P. 24(b), or for permissive intervention under Fed. R. Civ. P. 24(b). BCA alleges it is an assignee and third party beneficiary to any indemnity benefits Summit would have under its CGL policies issued by Amerisure. BCA seeks to intervene to file a claim for damages and declaratory relief to determine whether the damages asserted by BCA against Summit in the Bordeaux lawsuit were covered under

2

Case No. 8:13-CV-295-T-17TGW

any of the CGL policies issued to Summit by Amerisure.

The Court notes that Summit and Crum do not object to the proposed intervention, but Amerisure objects to the proposed intervention.

Amerisure argues that BCA lacks standing to adjudicate the duty to defend, as Summit assigned BCA only its rights to pursue the indemnity amounts in connection with the consent judgment in the underlying action. Amerisure requests that, if the Motion to Intervene is granted, the Court limit BCA's intervention solely to the issue of whether it may recover the amount of the consent judgment under the Amerisure policies issued to Summit and order the BCA to remove all claims unrelated to that issue. In other words, BCA cannot relitigate coverage determinations or other non-indemnity matters.

Amerisure requests that the Court deny intervention to the extent that BCA seeks to adjudicate non-indemnity issues, order BCA to amend its pleading to concern only duty to indemnify issues, and award costs associated with its motion.

The Court notes that Summit filed a Motion for Partial Summary Declaratory Judgment as to the Duty to Defend in the underlying action pursuant to policies issued form 1999 through 2004 (Dkt. 27). Amerisure has filed its response (Dkt. 28).

I. Fed. R. Civ. P. 24 (a)(2)

A party seeking to intervene under Fed. R. Civ. P. 24(a)(2) must show: 1) that the intervention application is timely; 2) that an interest exists relating to the property or transaction which is the subject of the action; 3) that disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and 4) the existing parties to the suit inadequately represent the interest. If each of these four

Case No. 8:13-CV-295-T-17TGW

factors is met, the Court must allow the party to intervene.  <u>TIG Specialty Insurance Co.</u>
<u>v. FinancialWeb.com</u>, 208 F.R.D. 336, 339 (M.D. Fla. 2002).

A.  Timeliness

BCA, Summit and Crum entered into a Confidential Release and Settlement
Agreement on August 28, 2013.  Contemporaneously with the execution of the
Settlement Agreement, Summit stipulated to a judgment in favor of BCA.  Pursuant to
the Settlement Agreement, Summit assigned and transferred its rights, title and interest
to indemnity under each CGL policy issued to Summit by Amerisure.

The Court considers: 1)  the length of time the proposed intervenor knew or
should have know of its interest in the case before moving to intervene; 2) the extent of
prejudice to the existing parties as a result of the intervenor's failure to move for
intervention as soon as it knew of its interest; 3) the extent of prejudice to the
intervenor; and 4) the existence of unusual circumstances for or against a finding of
timeliness.  <u>Georgia v. U.S. Army Corps of Eng'rs</u>, 302 F.3d 1242, 1259 (11th Cir. 2002).

On December 4, 2012, the State Court Judge granted Summit's Motion to Sever
and for Separate Trial (Dkt. 19).  This case was removed from Orange County Circuit
Court to the United States District Court, Orlando Division on December 6, 2012.  This
case was transferred to the undersigned from the Orlando Division on January 31, 2013
(Dkt. 26).  Summit, Amerisure and Crum moved to consolidate this case with the prior
related case, Case No. 8:11-CV-77-T-17TGW (Dkt. 47), which was denied (Dkt. 62).  In
Case No. 8:11-CV-77-T-17TGW, the Court entered an order on dispositive motions on
March 20, 2013 (Dkt. 123).  A Partial Final Judgment was entered pursuant to that
Order on January 2, 2014 (Dkt. 124), and Case No. 8:11-CV-77-T-17TGW was
administratively closed (Dkt. 125).  A case management and scheduling order was
entered in this case on January 6, 2014 (Dkt. 64).  BCA's Motion to Intervene was filed

Case No. 8:13-CV-295-T-17TGW

on February 24, 2014.

In light of the above facts, the Court finds that BCA's Motion to Intervene is timely.

B.  Interest in the Action

A party is entitled to intervene as a matter of right if the party's interest is direct, substantial, and legally protectable.  Georgia v. U.S. Army Corps of Eng'rs. 302 F.3d at 1249.  To determine whether the proposed intervenor possesses the requisite interest for intervention purposes, the Court looks at the subject matter of the litigation. Georgia, 302 F.3d at 1251.  The inquiry is a flexible one which focuses on the particular facts and circumstances surrounding the motion.   This circuit requires that the intervenor be at least a real party in interest in the transaction which is the subject of the proceeding.  Worlds v. Department of Health and Rehabilitative Servs., 929 F.2d 591, 594 (11th Cir. 1991).

In the Amended Supplemental Third Party Complaint, Summit seeks a declaratory judgment that, in the Bordeaux lawsuit, Amerisure owes a duty to indemnify Summit from the claims and/or construction defect suit filed by BCA, and other relief. Pursuant to a consent judgment entered in the Bordeaux lawsuit, Summit assigned its right, title and interest in recovery under each CGL policy to BCA.

After consideration, the Court finds that BCA has an interest in the determination of Amerisure's duty to indemnify Summit under each CGL policy.

C.  Impairment

BCA alleges that the disposition of this action may as a practical matter impair or

Case No. 8:13-CV-295-T-17TGW

impede BCA's ability to protect its interest.

The Court finds that this factor weighs in favor of granting intervention.

D.  Inadequate Representation

BCA asserts that its interest is inadequately represented by the existing parties to this case.  Third Party Plaintiff Summit Contractors fully assigned its rights, title and interest as to indemnity under each and every commercial general liability policy issued to Summit by Amerisure pertaining to the Bordeaux Lawsuit and subject matter.

There is a presumption of adequate representation where an existing party seeks the same objectives as the intervenor.  This presumption is weak and may be overcome if some evidence is presented to the contrary.  Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999).  If the intervenor overcomes the presumption, the Court returns to the general rule that adequate representation exists if: 1) no collusion is shown between the representative and the opposing party; 2) the representative does not have or represent an interest adverse to the proposed intervenor; and 3)  the representative does not fail in the fulfillment of his duty.  Intervenors need only show that the current plaintiff's representation "may be inadequate" and the burden for making such a showing is minimal.  Id.

Since Summit assigned its interest in indemnity under each CGL policy to BCA, Summit no longer has an interest in obtaining relief as to indemnity under the CGL policies.  The Court finds that BCA has met its minimal burden as to adequacy of representation.

After consideration, the Court grants BCA's Motion in part as to intervention as of right.  BCA will be limited to the issue of indemnity, collection  of BCA's consent

Case No. 8:13-CV-295-T-17TGW

judgment under the Amerisure policies.  BCA cannot re-litigate coverage determinations or the duty to defend, and is bound by the Court's prior rulings.  Because the Court has granted intervention pursuant to Rule 24(a), the Court denies the request for permissive intervention as moot.   Accordingly, it is

**ORDERED** that BCA's Motion to Intervene (Dkt. 80) pursuant to Fed. R. Civ. P. 24(a)  is **granted in part**; BCA **shall amend** its proposed Complaint in Intervention to address only the issue of indemnity; BCA's request for permissive intervention is **denied** as moot.   BCA can pursue only the amount of the underlying consent judgment, is bound by the Court's prior rulings, and is prohibited from rearguing the Court's findings.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 22nd day of September, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record